IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLY CODER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:14-cv-7 |
| | § | |
| MEDICUS LABORATORIES, LLC, | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 4), Plaintiff's Response (Dkt. 7), and Defendant's Reply (Dkt. 8). The Court recommends that Defendant's Motion to Dismiss (Dkt. 4) be **GRANTED.**

### I. BACKGROUND

Plaintiff Kelly Coder brings this case against her former employer for alleged employment discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.* Defendant Medicus filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that Defendant was not an "employer" under the ADA and that Plaintiff was not an "eligible employee" under the FMLA at the time of the acts alleged in the Complaint. *See* 42 U.S.C. § 12111(5)(A); 26 U.S.C. § 2617(a)(1). Specifically, Defendant argues that Plaintiff has failed to allege that Defendant had the requisite number of employees to be subject to either the ADA or the FMLA. *See* Dkt. 4 at 2. In her response to Defendant's motion, Plaintiff argues that Defendant's number of employees is not an element of either statutory cause of action, and that her Complaint is therefore sufficient to state a claim. *See* Dkt. 7 at 4.

## II. PLEADING STANDARD

In order to state a claim for relief under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint "does not need detailed factual allegations," a plaintiff's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Id.* (alteration in original) (internal quotations marks omitted). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006). Plaintiff's Complaint lacks an allegation regarding Defendant's number of employees. *See* Dkt. 1. The question before the Court is whether that allegation is "a required element necessary to obtain relief" under the ADA and the FMLA. *See Rios*, 444 F.3d at 421. The Court considers each of Plaintiff's claims in turn.

## III. ADA CLAIM

The ADA provides, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." *Id.* § 12111(2). "Employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees . . . ." *Id.* § 12111(5)(a). Analyzing a similar "employer" definition under Title VII of the Civil Rights Act, the Supreme Court considered "whether the numerical qualification contained in Title VII's definition of 'employer' . . . delineates a substantive ingredient of a Title VII claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006). "Applying that readily

administrable bright line," the Court in *Arbaugh* held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief." *Id*. at 516.

Although *Arbaugh* is not directly concerned with the ADA, "courts often look to Title VII—which defines 'employer' in essentially the same way as the ADA—for guidance on ADA issues." *Compare* 42 U.S.C. § 12111(5)(a), *with* 42 U.S.C. § 2000e(b); *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012); *see also Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 n.2 (6th Cir. 1997) ("Because Title VII . . . and the ADA define 'employer' essentially the same way, we rely on case law developed under [both] statutes." (internal quotations marks omitted)); *EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1280 (7th Cir. 1995) ("Courts routinely apply arguments regarding individual liability to [both] statutes interchangeably."). Thus, *Arbaugh* "dictates that the ADA's employee threshold is not a limit on jurisdiction but, rather, an element of the claim itself." *Reynolds*, 701 F.3d at 155. While the Fifth Circuit has not applied *Arbaugh* directly to the ADA, it has acknowledged *Arbaugh*'s broader application to both the ADA and FMLA. *See Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 357 n.29 (5th Cir. 2006) (holding that the threshold number of employees is an element of a plaintiff's claim for relief under the FMLA and acknowledging, in dictum, the same requirement under the ADA). Following this precedent, the Northern District of Texas has applied *Arbaugh* to the ADA, holding that "th[e] numerosity requirement is an element of an ADA claim and, if it is not satisfied, a case is properly the subject of a Rule 12(b)(6) motion to dismiss." *French v. Ulayyet*, 2011 U.S. Dist. LEXIS 47345, at *3-4 (N.D. Tex. Apr. 14, 2011).

Plaintiff's Complaint fails to assert, as required, that Defendant employed fifteen or more employees at the time of the alleged conduct. *See* Dkt. 1. Plaintiff's allegations are therefore insufficient to state an ADA claim, and Defendant's Motion to Dismiss should be **GRANTED**.

## IV. FAMILY AND MEDICAL LEAVE ACT

The FMLA "entitles eligible employees to take up to 12 work weeks of unpaid leave annually for any of several reasons, including a serious health condition that makes the employee unable to perform the functions of the position of such employee." *See* 29 U.S.C. § 2612(a)(1)(D); *Minard*, 447 F.3d at 353. "Eligible employee" is defined as "an employee who has been employed (i) for at least 12 months by the employer . . .; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." § 2611(2)(A). This definition "exclud[es] any employee who is employed at a worksite at which, or within 75 miles of which, the employer employs less than 50 employees." *See id.* § 2611(2)(B); *Minard*, 447 F.3d at 353. Further, an "employer" is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more workweeks in the current or preceding calendar year." § 2611(4)(A)(i).

When analyzing retaliation claims, the Fifth Circuit has noted that "there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001); *Dooling v. Bank of the West*, No. 4:11-cv-00576, 2013 U.S. Dist. LEXIS 99618 at *4-5 (E.D. Tex. July 17, 2013). "Applying the Supreme Court's *Arbaugh* bright line rule, . . . the threshold number of employees for application of the FMLA is an element of a plaintiff's claim for relief, not a jurisdictional limitation." *Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 357 (5th Cir. 2006).

Plaintiff neither alleges sufficient facts to plausibly assert that she was an "eligible employee" or that Defendant was an "employer" under the FMLA at the time of the alleged

conduct. *See* Dkt. 1. As such, Plaintiff's allegations fail to state a claim upon which relief can be granted under the FMLA, and Defendant's Motion to Dismiss should be **GRANTED**.

V. **RECOMMENDATION**

Plaintiff's allegations against her employer fail to satisfy the employee numerosity requirement of claims brought under the ADA and the FMLA. Instead, Plaintiff argues in her Response that she has "no legal duty . . . to allege the total number of employees of [Defendant] in an ADA or FMLA claim." Dkt. 7. For the reasons aforementioned, the Court recommends that Defendant's Motion to Dismiss (Dkt. 4) be **GRANTED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of July, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE